UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID EARL WATTLETON,   Case No. 17-CV-1690 (JNE/SER)

Plaintiff,

v.   REPORT AND RECOMMENDATION

BRAD TRATE,

Defendant.

Plaintiff David Earl Wattleton, a detainee at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), filed a complaint raising vague claims of retaliation and violations of the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. §§ 15601 et seq., against psychologist John McKenzie. Upon review of Wattleton's application to proceed *in forma pauperis* ("IFP") and initial complaint, *see* 28 U.S.C. § 1915(e)(2)(B), this Court noted that Wattleton's pleading suffered from multiple deficiencies. *See* ECF No. 3. Rather than recommend dismissal of the action, this Court afforded Wattleton an opportunity to amend his complaint. *Id.*

Wattleton filed an amended complaint, substituting defendant Brad Trate for McKenzie[1] and somewhat bolstering his factual allegations. Accordingly, this matter is once again before the Court on review of Wattleton's IFP application and now-amended complaint.

After review of that IFP application, this Court concludes that Wattleton qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be

---

[1] Wattleton's amended complaint nevertheless continues to include factual allegations against McKenzie. *See* Am. Compl. at 4-5. These allegations relate entirely to Wattleton's claim that facility officials have failed to meet their obligations under PREA. But as explained below, PREA does not confer a private right of action. Wattleton therefore has not stated a claim for relief against McKenzie.

1

dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. tlineIqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Wattleton alleges that, beginning in 2016, another detainee with whom he then worked in the FMC-Rochester dining room began "exhibiting overt sexually threatening and intimidating behaviors" towards him. *See* Am. Compl. at 1-2 [ECF No. 6]. The detainee was reassigned to a new job but continued with harassing behavior towards Wattleton, including an incident in which the detainee placed Wattleton's food tray perilously close to the edge of a window with the intention that Wattleton knock over the tray. *Id*. at 2. This led to an altercation between

Wattleton and the other detainee. *Id*. Facility officials conducted an investigation but could not conclude that the other detainee had intentionally provoked Wattleton. *Id*. at 2-3.

Around the time of this altercation, Wattleton was informed that the budget for inmate pay had been cut and that all detainees assigned to kitchen duty should expect a reduction in pay. *Id*. at 3. About a year later, Wattleton learned that he had been in fact demoted from "grade 2 performance pay" to "grade 3 performance pay." *Id*. When asked about the demotion, FMC-Rochester officials first told Wattleton that "the decision was based on a 'flip of a coin,'" Am. Compl. at 3, but a facility official later admitted that the demotion had been due to the altercation described above. *Id*. Based on those allegations, Wattleton again brings claims pursuant to PREA for retaliation and failure to protect.

As Wattleton was told in this Court's prior order, "PREA confers no private right of action." *LeMasters v. Fabian*, No. 09-CV-0702 (DSD/AJB), 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) (quotation omitted) (collecting cases). Simply put, Wattleton cannot sue under PREA. That said, failure to invoke the correct cause of action alone is not fatal to Wattleton's complaint; because he is acting pro se, his pleading is entitled to a liberal interpretation. *See Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). But even ignoring that Wattleton cannot seek relief under PREA, his complaint fails to state a claim upon which relief may be granted.

First, there are no allegations whatsoever made as to the sole defendant named to this action, Brad Trate. Wattleton does not allege how Trate was involved in the events at issue, or how Trate might be in a position to affect meaningful relief if ordered to do so by the Court. Wattleton therefore cannot proceed with claims against Trate.

Second, even had a different defendant or defendants been named to this action, Wattleton's claims of retaliation and failure to protect have not been sufficiently pleaded. To

3

establish a retaliation claim, "the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). Wattleton has not plausibly alleged the third element of retaliation; on Wattleton's own account, he was demoted not because he filed a grievance against the combative detainee (a protected activity), but because he was involved in an altercation with the detainee (not a protected activity).[2] To establish a failure-to-protect claim, an inmate must show that his conditions of detention posed a substantial risk of serious harm and that the defendant knew of and disregarded the risk to his safety. *See Chavero-Linares v. Smith*, 782 F.3d 1038, 1041 (8th Cir. 2015) (discussing failure-to-protect claims outside of prison context). Even assuming that the fellow detainee's behavior towards Wattleton constituted a substantial risk of serious harm, FMC-Rochester officials upon receiving Wattleton's initial grievance almost immediately reassigned the detainee to a new job and thereby separated the individuals. Further, Wattleton does not allege that there has been any unwanted interaction between the two men since the lunch-tray altercation. Taking Wattleton's allegations as true and drawing every inference in his favor, FMC-Rochester officials cannot be said to have been deliberately indifferent to Wattleton's safety.

Wattleton seeks relief under a statute that affords no private right of action, names as sole defendant an individual with no express involvement in the events at issue, and fails to raise

---

[2] To the extent that Wattleton suggests the demotion violated his due-process rights, his claim must also fail, as detainees do not have a constitutional right or protected property interest in a particular job or classification. *See Sanders v. Norris*, 153 Fed. App'x 403, 404 (8th Cir. 2005) (per curiam) (collecting cases).

4

factual allegations that, if proved true, would entitle him to relief. It is therefore recommended that this action be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

2. Plaintiff David Earl Wattleton's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: October 20, 2017                                     s/ *Steven E. Rau*
                                                            Steven E. Rau
                                                            U.S. Magistrate Judge

NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).